UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case number 05-73759

v.                                       Honorable Julian Abele Cook, Jr.

AVA MORROW,

        Defendant.

        On October 1, 2005, the Plaintiff, United States of America, filed a Complaint against the Defendant, Ava Morrow ("Morrow"), alleging that she had failed to fully repay her student loan obligation to the federal government.  On February 22, 2006, the Plaintiff filed a motion for summary judgment, in which it claimed that (1) Morrow had failed to proffer a legitimate defense to the allegations within the Complaint, and (2) there is no genuine issue of a material fact to be resolved by the Court in this litigation.  For the reasons that are stated below, the Plaintiff's motion must be granted.

I.

        On October 24, 1977, Morrow executed promissory notes, which set forth the terms and conditions of her student loan, in favor of the Citizens Commercial and Savings Bank. When she failed to satisfy her fiscal responsibilities in a timely manner, Morrow's payment obligation under the terms of the parties' loan agreement accelerated and became immediately due and owing. After a  series of efforts to recover the overdue debt from her proved to be unsuccessful, the Michigan Guarantee Agency - acting within its statutory authority - ultimately paid the debt on Morrow's

1

behalf.  According to the pleadings in this cause, she currently owes  $659.34 in principal plus $581.29 in interest (assessed as of the date of filing), constituting a total sum of $1,240.63, to the federal government.

II.

The Supreme Court has opined that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  At the same time, the language within Rule 56© provides that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, the Court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).  It is not the role of the Court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987).  Rather, it is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Hence, the moving party can show that a genuine factual issue is lacking if it presents evidence which is sufficient to make the issue "so one-sided

2

that [it] must prevail as a matter of law," *id.* at 252, or point to a failure by the non-moving party to present evidence "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such a showing, the non-moving party must act affirmatively to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). A mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III.

In her opposition to the pending summary judgment, Morrow - acting without the benefit of an attorney - contends, in essence, that (1) the Plaintiff's request for relief should be rejected by the Court, and (2) this debt should be extinguished. She supports this contention by noting, among other things, that she has been unemployed since 1993 due, in part, to her terminal illness. A fair reading of Morrow's opposition reveals that she, while not denying having received monies through a student loan program from the federal government, challenges the amount of the claimed indebtedness. It is her position that (1) the seizure of her state and federal income tax refunds by the federal and state governments in 1992, 1993, and/or 1994 should be applied toward this debt, and (2) a remittance by her to the federal government in 1994 is not reflected in the Plaintiff's accounting of her payment records.

In response, the Plaintiff submits that Morrow's assertions, even if true, do not constitute a legitimate defense to its accusations of her indebtedness to the federal government. The Court agrees. Aside from making general allegations of denial, she has failed to provide the Court with

any reasonably reliable documentation or legal support that would refute the Plaintiff's claims in

this cause. Even though Morrow has advanced reasons why, in her judgment, she is unable to pay

the claimed indebtedness, it is readily apparent to the Court that there is no genuine issue of a

material fact relating to the validity of the debt or its amount to be resolved in this legal

proceeding..

Accordingly, the Plaintiff's motion  for summary judgment must be, and is, granted. As

such, the Plaintiff is entitled to a judgment against Morrow in the sum of $1,240.63 plus interest

from the date of the filing of the Complaint until the date of the judgment.


IT IS SO ORDERED.


Dated:  June 9, 2006                              s/ Julian Abele Cook, Jr.
          Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                  United States District Court Judge


Certificate of Service

I hereby certify that on June 9, 2006,  I electronically filed the foregoing with the Clerk of
the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF
participant(s).

                                                  s/ Kay Alford
                                                  Courtroom Deputy Clerk


4

5